KRAW LAW GROUP
LORI A. NORD, ESQ., #87993
605 Ellis Street, Suite 200
Mountain View, CA 94043-2241
Telephone:  (650) 314-7817
Facsimile:  (650) 314-7899
e-mail: lnord@kraw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; AND BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY LABOR MANAGEMENT COOPERATION COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER STONE AND TILE, a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR MONEY** |

## NATURE OF THE ACTION

1.     This action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA") [29 U.S.C. § 1001, et seq.], and more particularly under Sections 1132 and 1145.  This action also arises under Section 301 of the Labor Management Relations Act ("LMRA") [29 U.S.C. § 185].  Plaintiffs allege that Defendant has unlawfully failed and refused to

1  make required payments to joint labor-management trust funds and employee benefit plans in violation
2  of a collective bargaining agreement and certain trust agreements.

3  ## JURISDICTION, VENUE AND INTRA DISTRICT VENUE

4  2.    Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C.
5  §§ 1331 and 1337.  Pursuant to 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the
6  amount in controversy or the citizenship of the parties.  This is an action authorized and instituted
7  pursuant to Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the
8  LMRA [29 U.S.C. § 185].

9  3.    Venue is proper in this District pursuant to Section 502(e)(2) of ERISA [29 U.S.C. §
10  1132(e)(2)] and Section 301(a) of the LMRA [29 U.S.C. § 185(a)]. Since Plaintiffs' principal place
11  of business is in Pleasanton, California, and Defendant's principal place of business is in Brisbane,
12  California, assignment to the San Francisco Division or the Oakland Division of this Court is proper
13  under Local Rule 3-2(d).

14  ## PARTIES

15  4.    At all times material herein, each of the above-named Plaintiffs, with the exception of
16  the Northern California Tile Industry Labor Management Cooperation Committee, (hereinafter
17  collectively referred to as "Trust Funds") was and is the Plan Administrator of employee benefit plans
18  within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and was and is a fiduciary within
19  the meaning of Section 3(2)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary
20  within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C. § 1004(a)(1).  Plaintiff, Board of
21  Trustees of the Northern California Tile Industry Labor Management Cooperation Committee, is a joint
22  Labor Management Trust Fund organized pursuant to the provisions of Section 302(c)(9) of the Labor
23  Management Relations Act [29 U.S.C. § 186(c)(9)] and Section 6(b) of the Labor Management
24  Cooperation Act of 1978 [29 U.S.C. § 175a].  Each plaintiff has a fiduciary duty to the employees of
25  the Defendant employer to collect funds, to invest and administer said funds, and to protect said funds
26  from claims.  Plaintiffs' principal place of business is currently in Pleasanton, California.

27  5.    At all times material herein, Defendant Premier Stone and Tile, a California corporation
28  ("Employer") has been an employer within the meaning of the National Labor Relations Act, as

amended ("NLRA") [29 U.S.C. § 151, et sec.], and more particularly under Section 152(2), and within the meaning of ERISA, 29 U.S.C. § 1002(5). At all times material herein, Employer has been engaged in the construction industry in California and, as such, has been engaged in commerce or in an industry affecting commerce within the meaning of the NLRA [29 U.S.C. § 152(6) and (7)] and within the meaning of ERISA [29 U.S.C. § 1002(11) and (12)].

6.      At all times herein mentioned, Employer was and now is a corporation duly organized and existing under and by virtue of the laws of the State of California. Employer's principal place of business is in Brisbane, California.

## STATEMENT OF FACTS

7.      Within four years last past and within all time periods relevant herein, Employer has been signatory to a collective bargaining agreement with the Brick Layers and Allied Craftworkers Local No. 3 (hereinafter "BAC Local No. 3") and the various trust agreements establishing each of Plaintiff trusts. By said written agreements, Employer promised that it would pay fringe benefit contributions, liquidated damages and interest to the Trust Funds, at rates set forth by the agreements, for work performed by covered employees, which amounts would be paid to the Trust Funds at their place of business on or before the 15th day of each successive month.

8.      During times material herein, Employer submitted monthly reports of contributions, to the Trust Funds.

9.      Under the terms of the aforementioned agreements, Employer agreed to make contributions as required by those agreements and to be subject to and bound by all terms and conditions of the various trust agreements which provide that in the event any monthly contributions were not paid when due, Employer would pay ten percent (10%) of the amount of the contributions due as liquidated damages and not as a penalty, which amount is due and payable on the date that the contributions were due. Such liquidated damages are increased to twenty percent (20%) of the contributions unpaid on the date legal action is filed to collect contributions. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the nonpayment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable

1    endeavor to ascertain and compensate for the damages caused the Plaintiffs by the nonpayment of said

2    contributions.

3         10.    Under the terms of the trust agreements, in the event it becomes necessary to engage

4    legal counsel to collect amounts due or receive monthly reporting forms, the liquidated damages are

5    added to the principal sum due and unpaid each month and the whole thereof shall bear interest at the

6    rate of ten percent (10%) per annum from its delinquency date until paid.

7         11.    Employer employed workers who performed work covered by the provisions of the

8    agreements while the agreement(s) were in full force and effect.

9         12.    Employer has failed to pay all amounts required by these agreement(s) for that covered

10   work to the Trust Funds.  On September 30, 2016, an audit of Employer's books and records was

11   completed for the period of January 1, 2013 through December 31, 2015.  That audit shows unpaid

12   fringe benefit contributions of $2,984.31.  Liquidated damages of 20% on these unpaid contributions

13   is $596.86.  Interest on the sum of the contributions and liquidated damages owed for the months of

14   May 2014, January 2015, March 2015 and April 2015 from each month's due date through April 15,

15   2019, is $1,514.78.  Consequently, Employer owes the Trust Funds a total of $5,095.95 for this audit

16   shortage, plus interest on that sum at the contracted rate of 10% per annum from April 15, 2019 until

17   paid.

18        13.    Plaintiffs are informed and believe and thereupon allege that additional amounts are due

19   and owing to Plaintiffs from Employer, and Plaintiffs will upon leave of Court amend this Complaint

20   to state such amounts when they become ascertained.

21        14.    By the aforementioned agreements, Employer promised that in the event that Plaintiffs

22   consulted an attorney or filed litigation in order to collect unpaid contributions or otherwise enforce

23   their rights against it, Employer would pay reasonable attorneys' fees and all other reasonable expenses

24   of collection.  It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting

25   contributions and damages, and Plaintiffs are entitled to reasonable attorneys' fees in connection

26   therewith.

27        15.    Plaintiffs have complied with all conditions on their part to be performed under the

28   terms of the collective bargaining agreement and the trust agreements.

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2      16.  Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

3 the named parties, there is no such interest to report.

4

5 WHEREFORE, Plaintiffs pray for judgment against Employer as follows:

6      1.      The sum of $5,095.95, plus interest at the contract rate of ten percent (10%) per annum

7 from April 15, 2019 until paid as provided by contract, plan terms and 29 U.S.C. § 1132 (g)(2);

8      2.      Reasonable attorneys' fees;

9      3.      Costs of suit and such further relief as the Court deems proper.

10

11 Dated: April 25, 2019                          KRAW LAW GROUP, APC

12

13                                               By: _____/s/_____

14 _                                                   LORI A. NORD
                                                     Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28